**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 5:11CR31** |
| | : | |
| **BOSS RAMSEY** | : | |

# PLEA AGREEMENT

I have agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

## A. CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

### 1. The Charges and Potential Punishment

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I will enter a plea of guilty to Count 2 of the Indictment.

Count 2 charges me with knowingly and intentionally conspiring to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is trafficking in contraband cigarettes, with the intent to promote the carrying on of specified unlawful activity, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii), all in violation of 18 U.S.C. § 1956(h). The maximum statutory

*Defendant's Initials:* BR

penalty is a fine of $500,000 and/or imprisonment for a term of twenty years, plus a term of supervised release.

I understand restitution may be ordered, my assets may be subject to forfeiture, and fees may be imposed to pay for incarceration and supervised release. In addition, a $100 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction. I further understand my supervised release may be revoked if I violate its terms and conditions. I understand a violation of supervised release increases the possible period of incarceration.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. There has been no promise made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter will be.

**2. Waiver of Constitutional Rights Upon a Plea of Guilty**

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to remain silent at trial;
e. The right to testify at trial;
f. The right to confront and cross-examine witnesses called by the government;
g. The right to present evidence and witnesses in my own behalf;
h. The right to compulsory process of the court;
i. The right to compel the attendance of witnesses at trial;
j. The right to be presumed innocent;
k. The right to a unanimous guilty verdict; and
l. The right to appeal a guilty verdict.

**3. Dismissal of Counts**

If I comply with my obligations under the plea agreement, the United States will move, at sentencing, that I be dismissed as a defendant in any remaining count(s). I stipulate and agree the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, these charges were not frivolous, vexatious or in bad faith, and I am not a "prevailing party" with regard to these

***Defendant's Initials:*** BR

charges. I further waive any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**B. SENTENCING PROVISIONS**

**1. General Matters**

I understand the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). I understand I will have an opportunity to review a copy of my presentence report in advance of my sentencing hearing and may file objections, as appropriate. I will have an opportunity at my sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be.

I understand I will not be eligible for parole during any term of imprisonment imposed. I have discussed sentencing issues with my attorney and realize there is a substantial likelihood I will be incarcerated.

I understand the Court is not bound by any recommendation or stipulation and may sentence me up to the statutory maximum. I understand I will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement. I understand the government will object to any sentence below the guideline range.

**2. Sentencing Guidelines**

I stipulate and agree that all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing.

The parties agree the 2011 edition of the United States Sentencing Guidelines Manual applies to my offenses. I stipulate that the following guideline section(s) are applicable to my conduct:

| | | |
|---|---|---|
| 2S1.1(a)(2) | 8 | Base Offense level (+ offense level from 2B1.1) |
| 2B1.1 | + 12 | Value of laundered funds exceeds $200,000 but is less than $400,000 |

*Defendant's Initials:* BR

The United States stipulates that the guideline section(s) set forth in this section should apply to my conduct.

I understand other guideline sections may be applicable to my case and the United States and I will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

The United States agrees to recommend a sentence within the applicable guideline range.

I agree to accept responsibility for my conduct. If I comply with my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that I receive a one-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(b). However, I stipulate that if I fail to accept responsibility for my conduct or fail to comply with any provision of this plea agreement, I should not receive credit for acceptance of responsibility. In addition, I understand and agree the United States will have a continuing objection to me receiving credit for acceptance of responsibility until I have testified truthfully at my sentencing hearing, if called upon to testify. I agree the United States will not be required to make any other notice of its objection on this basis.

**3. Substantial Assistance**

I understand the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). I understand even if I fully cooperate with law enforcement, the United States is under no obligation to make a motion for the reduction of my sentence. I understand if the United States makes a motion for a reduction in my sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, I should be given.

**4. Monetary Obligations**

**a. Special Assessments, Fines and Restitution**

I understand persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior

*Defendant's Initials:* BR

to entering my plea of guilty.

I agree to pay restitution for the entire scope of my criminal conduct, including, but not limited to, all matters included as relevant conduct. In addition, I agree to pay any restitution required by law, including, but not limited to, amounts due pursuant to 18 USC §§ 2259, 3663, and/or 3663A. I understand and agree a requirement I pay restitution for all of the above-stated matters will be imposed upon me as part of any final judgment in this matter.

I further agree to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means I have at my disposal. I agree failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in my case.

I fully understand restitution and forfeiture are separate financial obligations which may be imposed upon a criminal defendant. I further understand there is a process within the Department of Justice whereby, in certain circumstances, forfeited funds may be applied to restitution obligations. I understand no one has made any promises to me that such a process will result in a decrease in my restitution obligations in this case.

I understand and agree, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. I understand if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

I agree to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

I agree the following provisions, or words of similar effect, should be included as conditions of probation and/or supervised release: (1) "The defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until all fines, restitution, money judgments and monetary assessments are paid in full" and (2) "The Defendant shall notify the Financial Litigation Unit, United

***Defendant's Initials:*** BR

States Attorney's Office, in writing, at least 30 days prior to transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations until all fines, restitution, money judgments and monetary assessments are paid in full."

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

I agree any payments made by me shall be applied fully to the non-joint and several portion of my outstanding restitution balance until the non-joint and several portion of restitution is paid in full, unless the Court determines that to do so would cause a hardship to a victim of the offense(s).

**b. <u>Duty to Make Financial Disclosures</u>**

I understand in this case there is a possibility substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation and in any necessary collection of those sums, I agree, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year my offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date I sign the financial statement, whichever is earlier, I agree not to convey anything of value to any person without the authorization of the United States Attorney's Office. I agree to take and pass a polygraph examination conducted by a qualified law enforcement examiner selected by the United States Attorney's Office, if requested to do so, concerning the accuracy of my financial statement.

**c. <u>Understanding of Collection Matters</u>**

*Defendant's Initials:* TRK

I understand:

1. as part of the judgment in this case I will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. I must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: Post Office Box 1234, Roanoke, VA 24006-1234; and include my name and court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on my real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if I retain counsel to represent me regarding the United States' efforts to collect any of my monetary obligations, I will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my legal representation; and
7. I, or my attorney if an attorney will represent me regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

**C. FORFEITURE**

I agree to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture, regardless of whether any interest I have is held directly or indirectly, or is held in my own name, a third-party, or held by a business, trust or other entity in which I have an interest. I agree this Order of Forfeiture shall be entered by the Court and shall be final at the time I enter my plea. To the extent necessary, I waive notice of forfeiture as to any asset I have agreed to forfeit and waive oral pronouncement at sentencing.

The assets to be forfeited are as follows:

**1. See Attachment A**

The United States agrees to dismiss from the indictment, and/or release from seizure or restraint, the following assets:

**2. See Attachment B**

***Defendant's Initials:*** BR

I agree to cooperate fully in the forfeiture of the property to be forfeited, whether in my own capacity or through a business entity, trust, or other entity in which I have an interest. If applicable, I agree to withdraw any existing claims and/or agree not to file any claims in any administrative or civil forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. I agree to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United States or otherwise effectuate forfeiture of the property. I further agree to exercise all rights I have over any business entity, trust, or other entity, as well as exercise my influence over nominee owners of any asset in which I am the beneficial owner, in order to pass clear title to the United States or otherwise effectuate the forfeiture of assets.

I further agree to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons, and agree to submit to a polygraph examination, at the option of the government, regarding the truthfulness of the asset disclosures. I further agree to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

I further agree that the forfeiture provisions of this plea agreement are intended to, and will, survive me, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if I had survived, and that determination shall be binding upon my heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires me to disgorge wrongfully obtained criminal proceeds, I agree that the forfeiture is primarily remedial in nature.

I understand and agree that forfeiture of this property is proportionate to the degree and nature of the offense committed by me. I freely and knowingly waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I further understand and agree this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

I hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which I ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

*Defendant's Initials:* BR

## D. ADDITIONAL MATTERS

### 1. Waiver of Right to Appeal

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal. ***Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law.*** I understand the United States expressly reserves all of its rights to appeal. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.**

### 2. Waiver of Right to Collaterally Attack

I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

### 3. Information Access Waiver

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 4. Waiver of Witness Fee

*Defendant's Initials:* BK

I agree to waive all rights, claims or interest in any witness fee I may be eligible to receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

**5. Abandonment of Seized Items**

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

**6. Additional Obligations**

I agree to cooperate fully with law enforcement agents and will disclose to them, at any time requested by them, my knowledge of any criminal activity. I agree I will testify truthfully. I hereby waive any right I may have to refuse to answer any questions. I agree to be debriefed by law enforcement agents concerning any matter. I agree if the United States has any doubts concerning my truthfulness, I will take and pass a polygraph examination administered by an examiner chosen by the United States Attorney's Office as to any matters alleged in the charging document(s) and/or anything discussed in the debriefings. I understand it is a felony offense to make false statements to law enforcement agents or to testify falsely.

I agree not to commit any of the following acts:

- attempt to withdraw my guilty plea;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement;
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;
- fail to testify truthfully, as to any matter, if called upon to do so (at my

***Defendant's Initials:*** BK

sentencing hearing or any other proceeding);

- refuse to answer any question;
- fail to comply with any reasonable request of the United States Attorney's Office;
- fail to cooperate with law enforcement agents; or
- refuse to take or fail a polygraph examination.

## E. REMEDIES AVAILABLE TO THE UNITED STATES

I hereby stipulate and agree that the United States Attorney's office may, at its election, pursue any or all of the following remedies if I fail to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

## F. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within

*Defendant's Initials:* BK

their respective jurisdictions.

2. **Effect of My Signature**

I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement.

3. **Effective Representation**

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

4. **Final Matters**

I understand the Court is not bound by any recommendations or stipulations contained in this agreement and may sentence me up to the maximum provided by law.

I understand if the sentence is more severe than I expected, I will have no right to withdraw my guilty plea.

I understand a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by the United States Attorney's Office regarding the effect of the guidelines on my case.

I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and, in all likelihood, will recommend I receive a substantial sentence.

I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the

*Defendant's Initials:* BK

presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand this agreement does not apply to any crimes or charges not addressed in this agreement. I understand if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I understand my attorney will be free to argue any mitigating factors on my behalf; to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

**Date:** 8-29-12      Boss R—

**Boss Ramsey, Defendant**

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

I understand I may be present at any contact with my client by any government personnel. However, by my signature below, I expressly consent to direct contact with

***Defendant's Initials:*** RR

my client, without my prior approval, by government personnel, including but not limited to, in regard to the collection of monetary amounts owed in this and all related matters. At any time during such contacts with government personnel, my client may request my presence and the contact will be suspended until I arrive or indicate that the contact may continue.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

**Date:** Aug 29, 2012

**James Griffin, Esq.**
**Counsel for Defendant**

**Date:** 8·30·12

**Jeb Terrien**
**Assistant United States Attorney**
**Virginia State Bar No. 41959**

***Defendant's Initials:*** BR

| | A | C | D | E | F |
|---|---|---|---|---|---|
| 1 | ATTACHMENT A | | | | |
| 2 | Asset Type | Item Description | Identifying No. | Bal/Year | Held in the Name of: |
| 38 | Currency | $50,000 U.S. Currency | | $50,000.00 | Shilpa Patel |
| 39 | Currency | $8,500 U.S. Currency | | $8,500.00 | Shilpa Patel |
| 40 | Currency | $1772.00 U.S. Currency | | $1,772.00 | Phil White (seized at arrest) |
| 43 | Currency | Assorted Rolled U.S. Coins | | 1284.00 | Ramsey, Boss |
| 44 | Currency | $1,780.00 U.S. Currency | | 1780.00 | Ramsey, Boss Corner Stop # 24 (Lucky Strike Amusements) |
| 45 | Currency | $70,000.00 U.S. Currency | | 70000.00 | Patel, Anjay |
| 46 | Currency | $1,447,280.00 in U.S. Currency | | 1447280.00 | Patel, Anjay |
| 47 | Currency | $49,535.00 U.S. Currency | | 49535.00 | Consolidated Distributors LLC |
| 48 | Currency | $500.00 U.S. Currency | | 500.00 | Patel, Anjay |
| 49 | Currency | $11,440.00 U.S. Currency | | 11440.00 | Patel, Anjay |
| 50 | Currency | $15,736.00 U.S. Currency | | 15736.00 | Emmanuel, Joseph |
| 51 | Currency | $20,884.00 U.S. Currency | | 20884.00 | McCurley, Preston |
| 52 | Currency | $5,965.00 U.S. Currency | | 5965.00 | Patel, Viresh |
| 53 | Currency | $31,450.00 U.S. Currency | | 31450.00 | Patel, Purvinkumar |
| 54 | Currency | $62,096.00 U.S. Currency | | 62096.00 | Ramsey, Boss |
| 55 | Currency | $9,700 U.S. Currency | | 9700.00 | Ramsey, Boss |
| 56 | Currency | $2140.00 U.S. Currency | | 2140.00 | Ramsey, Boss |
| 57 | Currency | $4820.00 U.S. Currency | | 4820.00 | Ramsey, Boss |
| 58 | Currency | $1260.00 U.S. Currency | | 1260.00 | Ramsey, Boss |
| 59 | Currency | $4,600.00 U.S. Currency | | 4600.00 | Ramsey, Boss |
| 60 | Currency | $4,760.00 U.S. Currency | | 4760.00 | Ramsey, Boss |
| 61 | Currency | $5600.00 U.S. Currency | | 5600.00 | Ramsey, Boss |
| 62 | Currency | $3620.00 U.S. Currency | | 3620.00 | Ramsey, Boss |
| 63 | Currency | $2120.00 U.S. Currency | | 2120.00 | Ramsey, Boss |
| 64 | Currency | $1,140.00 U.S. Currency | | 1140.00 | Ramsey, Boss |
| 65 | Currency | $2,440.00 U.S. Currency | | 2440.00 | Ramsey, Boss |
| 66 | Currency | $3,240.00 U.S. Currency | | 3240.00 | Ramsey, Boss |
| 67 | Currency | $1,120.00 U.S. Currency | | 1120.00 | Ramsey, Boss |
| 68 | Currency | $1,780.00 U.S. Currency | | 1780.00 | Ramsey, Boss |
| 69 | Currency | $3,500.00 U.S. Currency | | 3500.00 | Ramsey, Boss |
| 70 | Currency | $2,120.00 U.S. Currency | | 2120.00 | Ramsey, Boss |
| 71 | Currency | $2,540.00 U.S. Currency | | 2540.00 | Ramsey, Boss |
| 72 | Currency | $3,260.00 U.S. Currency | | 3260.00 | Ramsey, Boss |
| 73 | Currency | $860.00 U.S. Currency | | 860.00 | Ramsey, Boss |
| 74 | Currency | $2,500.00 U.S. Currency | | 2500.00 | Ramsey, Boss |
| 75 | Currency | $3,680.00 U.S. Currency | | 3680.00 | Ramsey, Boss |
| 76 | Currency | $1,000.00 U.S. Currency | | 1000.00 | Ramsey, Boss |
| 77 | Currency | $5,580.00 U.S. Currency | | 5580.00 | Ramsey, Boss |
| 78 | Currency | $1,980.00 U.S. Currency | | 1980.00 | Ramsey, Boss |
| 79 | Currency | $6,500.00 U.S. Currency | | 6500.00 | Ramsey, Boss |
| 80 | Currency | $2,980.00 U.S. Currency | | 2980.00 | Ramsey, Boss |
| 81 | Currency | $2,160.00 U.S. Currency | | 2160.00 | Ramsey, Boss |
| 82 | Currency | $1,040.00 U.S. Currency | | 1040.00 | Ramsey, Boss |
| 83 | Currency | $2,620.00 U.S. Currency | | 2620.00 | Ramsey, Boss |

| | A | C | D | E | F |
|---|---|---|---|---|---|
| 1 | | ATTACHMENT A | | | |
| 2 | Asset Type | Item Description | Identifying No. | Bal/Year | Held in the Name of: |
| 84 | Currency | $3 960 00 US Currency | | 3960.00 | Ramsey, Boss |
| 85 | Currency | $4,480.00 U.S. Currency | | 4480.00 | Ramsey, Boss |
| 86 | Currency | $2600.00 U.S. Currency | | 2600.00 | Ramsey, Boss |
| 87 | Currency | $4,420.00 U.S. Currency | | 4420.00 | Ramsey, Boss |
| 88 | Currency | $2,380.00 U.S. Currency | | 2380.00 | Ramsey, Boss |
| 89 | Currency | $2,020.00 U.S. Currency | | $2,020.00 | Ramsey, Boss |
| 90 | Currency | $6,060.00 U.S. Currency | | $6,060.00 | Ramsey, Boss |
| 91 | Currency | $7,480.00 U.S. Currency | | $7,480.00 | Ramsey, Boss |
| 92 | Currency | $2,520.00 U.S. Currency | | $2,520.00 | Ramsey, Boss |
| 93 | Currency | $50,000 U.S. Currency (recovered from Safety Deposit Box 61100029 at Yadkin Valley Bank, South Carolina) | Converted to Official Check 5112519 | $50,000.00 | Ramsey, Boss |
| 94 | Financial | American Comm. Bank a/k/a Yadkin Valley | 8000071522 | 75700.45 | Cash Out LLC |
| 95 | Financial | American Comm. Bank a/k/a Yadkin Valley | 8000071519 | 17997.37 | Cash Out LLC |
| 96 | Financial | American Comm. Bank a/k/a Yadkin Valley | 8000069275 | 5574.20 | Dass Inc. |
| 97 | Financial | American Comm. Bank a/k/a Yadkin Valley | 2111002325 | 21001.60 | Ramsey, Boss M or Courtney D. |
| 98 | Financial | American Comm. Bank a/k/a Yadkin Valley | 4005476 | 10843.65 | Ramsey, Boss M or Courtney D. |
| 102 | Financial | American Comm. Bank a/k/a Yadkin Valley | Certificate of Deposit #108000020315 | 80149.59 | Ramsey, Nathan |
| 103 | Financial | Arthur State Bank | Safe Dep Box 401259 | 0.00 | Patel, Purvinkumar A & Minaben A. |
| 104 | Financial | Arthur State Bank | 95700571 | 1577.89 | Jodrell Partners Inc. Checking |
| 105 | Financial | Bank of America | 223004464911 | 34849.02 | Tristar Retail Supplies LLC |
| 106 | Financial | Bank of America | 0007 7233 2637 | 40508.54 | Corner Store DBA Falcon Oil |
| 107 | Financial | Bank of America | 2230 0976 1907 | 6091.71 | Shilpaben Patel & Nilesh D. Patel |
| 108 | Financial | Bank of America | 0007 6836 5278 | 31027.45 | Shilpaben Patel |
| 109 | Financial | Bank of America | 0007 3134 2496 | 57175.98 | Shilpaben Patel |
| 110 | Financial | Bank of America | 780845747 | 30667.04 | Sheena Emmanuel |
| 111 | Financial | Bank of America | xxxxxxxxxx91000121224224 | 97452.71 | Shilpaben Patel |
| 112 | Financial | Bank of America | 223008869758 | 10149.17 | Conway Property Holdings LLC |
| 113 | Financial | Bank of America | 223004579929 | 3477.10 | CD of Clemson LLC |
| 114 | Financial | Bank of America Safe Deposit Box | 0031050T4207 | | Shilpaben Patel |
| 115 | Financial | Bank of America Safe Deposit Box | xxx2889 | | Sheena Emmanuel & Joseph Emmanuel |
| 116 | Financial | BB&T | 5222656097 | 1849.89 | UKCREW LLC Checking |
| 117 | Financial | BB&T | 522656100 | 6891.43 | UKCREW LLC Checking |
| 119 | Financial | BB&T | 5222656089 | 71.51 | UKCREW LLC (SC Education Lottery Account) |
| 120 | Financial | Carolina First Bank (aka TD Bank) | 8105403856 | 12486.99 | Patel, Shilpaben |
| 121 | Financial | Carolina First Bank (aka TD Bank) | 2101702482 | 63541.44 | Patel, Shilpaben |
| 122 | Financial | Carolina First Bank (aka TD Bank) | 1281023265 | 226.27 | Patel, Viresh R & Aparna |
| 123 | Financial | Carolina First Bank (aka TD Bank) | 7102233655 | 2341.93 | Mani One Inc. dba Corner Stop 113 Checking |
| 124 | Financial | Community First Bank checking | 500406690 | 30500.00 | Consolidated Distributors LLC |
| 125 | Financial | Community First Bank checking | 500800883 | 171279.09 | CD of Clemson |
| 126 | Financial | Community First Bank collateral NC Revenue | 520447136 | 5000.00 | CD of Clemson |
| 127 | Financial | Community First Bank collateral SC Revenue | 520446578 | 5000.00 | CD of Clemson |
| 128 | Financial | First Citizens Bank & Trust | 754131268701 | 11978.29 | Zambezi Holdings LLC -Operating |
| 129 | Financial | First Citizens Bank & Trust | 130013224601 | 29334.63 | Cash Out LLC |

| | A | C | D | E | F |
|---|---|---|---|---|---|
| 1 | ATTACHMENT A | | | | |
| 2 | Asset Type | Item Description | Identifying No. | Bal/Year | Held in the Name of: |
| 130 | Financial | First Citizens Bank & Trust | 340173695801 | 636.17 | KKRISHNA LLC dba Hammett Street Grocery |
| 131 | Financial | First Citizens Bank & Trust | 340173696601 | 251.23 | KKRISHNA LLC dba Hammett Street Grocery |
| 132 | Financial | First Citizens Bank & Trust | 340173697401 | 44759.74 | KKRISHNA LLC dba Gulla Gulla #2 |
| 133 | Financial | First Citizens Bank & Trust | 340173698201 | 8603.62 | KKRISHNA LLC dba Gulla Gulla #2 |
| 134 | Financial | First Citizens Bank & Trust | 340173699001 | 15302.40 | KKRISHNA LLC (DBA Jays Exxon) |
| 135 | Financial | First Citizens Bank & Trust | 340173700601 | 1525.78 | KKRISHNA LLC dba Jays Exxon |
| 136 | Financial | First Citizens Bank & Trust | 340173745101 | 1780.66 | KKRISHNA LLC dba Corner Stop #99 |
| 137 | Financial | First Citizens Bank & Trust | 340173746901 | 4279.51 | KKRISHNA LLC dba Corner Stop #99 |
| 138 | Financial | First Citizens Bank & Trust | 340173773301 | 28193.39 | KKRISHNA LLC (DBA Village Store) |
| 139 | Financial | First Citizens Bank & Trust | 340173774101 | 1648.88 | KKRISHNA LLC dba Village Store |
| 140 | Financial | First Citizens Bank & Trust | 340173749301 | 4478.05 | Kkrishna LLC |
| 141 | Financial | First Citizens Bank & Trust | 510416124401 | 1269.10 | MAII Inc Operating Acct Viresh Patel & Jabbar Purohit |
| 142 | Financial | First Citizens Bank & Trust | 510416125101 | 4080.26 | Mall Inc d/b/a Savway 22 Lottery Acct, Viresh Patel |
| 143 | Financial | First Citizens Bank & Trust | 66140399801 | 13347.64 | MAII Inc. dba Savway 35 Lottery Acct |
| 144 | Financial | First Citizens Bank & Trust | 66140400401 | 10577.85 | MAII Inc. dba Savway 35 Lottery Acct |
| 145 | Financial | First Citizens Bank & Trust | 754137106309 | 465.07 | Purvinkumar Patel |
| 146 | Financial | First Citizens Bank & Trust | 340173693301 | 504.14 | SIA Invests LLC (SIA Investments LLC) |
| 147 | Financial | First Citizens Bank & Trust | 480034293501 | 12658.96 | Tristar Holdings LLC |
| 148 | Financial | First Citizens Bank & Trust | 754131160601 | 89.12 | Zambezi Holdings LLC - Corner Stop Hartsville |
| 149 | Financial | First Citizens Bank & Trust | 754131291901 | 25.00 | Zambezi Holdings LLC - Cornerstop Hartsville Lottery |
| 150 | Financial | First Citizens Bank & Trust | 754131286901 | 1423.54 | Zambezi Holdings LLC - Hartsville |
| 151 | Financial | First Citizens Bank & Trust | 754131275201 | 19.99 | Zambezi Holdings LLC - Lottery |
| 152 | Financial | First Citizens Bank & Trust | 754131297601 | 2994.96 | Zambezi Holdings LLC - Motor Lodge |
| 153 | Financial | First Citizens Bank & Trust | 754131158001 | 4636.79 | Zambezi Holdings LLC - Saveway #2 |
| 154 | Financial | First Citizens Bank & Trust | 754131159801 | 3632.98 | Zambezi Holdings LLC - Saveway #2 Lottery Acct |
| 155 | Financial | First Citizens Bank & Trust | 754131290101 | 2059.26 | Zambezi Holdings LLC - Saveway #21 Lottery Account |
| 156 | Financial | First Citizens Bank & Trust | 754131308101 | 6104.13 | Zambezi Holdings LLC - Saveway #21 Lottery Account |
| 157 | Financial | First Piedmont Federal S&L Assoc. | 306804097 | 619383.82 | The Corner Store DBA Falcon Oil (Nathan & Boss Ramsey) |
| 158 | Financial | First Piedmont Federal S&L Assoc. | 106613469 | 36147.75 | Papa Oil, LLC (Anjay Patel) |
| 159 | Financial | First Piedmont Federal S&L Assoc. | 359054558 | 3266.77 | Anjay Patel |
| 160 | Financial | First Piedmont Federal S&L Assoc. | 306804098 | 34736.38 | Corner Store Inc by Nathan L. or Boss M. Ramsey |
| 161 | Financial | First Piedmont Federal S&L Assoc. | 323070410 | 31006.11 | Corner Store Inc dba Falcon Oil by Nathan L or Boss |
| 162 | Financial | First Piedmont Federal S&L Assoc. | 106613511 | 17211.36 | Lucky Strike Amusement LLC Nathan & BossRamsey |
| 163 | Financial | First Piedmont Federal S&L Assoc. | 359040229 | 2924.73 | Boss Ramsey dba B M Ramsey Investments |
| 164 | Financial | First South Bank | 1007806 | 148.27 | Mani Investments LLC |
| 165 | Financial | First South Bank | 1020544 | 5522.23 | Marys LLC Purvin Patel |
| 166 | Financial | First South Bank | 1005651 | 1329.09 | Jodrell Partners Inc. Checking |
| 167 | Financial | First South Bank | 1006048 | 628.68 | Lucky Strike Investments Checking |
| 168 | Financial | First South Bank | 1020825 | 9630.01 | Marys LLC Checking |
| 169 | Financial | First South Bank | 1020551 | 3313.54 | Marys LLC Purvin Patel Checking |
| 170 | Financial | First South Bank | 1020858 | 47154.03 | DHRU Investments Checking |
| 171 | Financial | Provident Community Bank | 1693998 | 2571.61 | Zambezi Holdings LLC |
| 172 | Financial | Provident Community Bank | 1693980 | 4931.75 | Zambezi Holdings LLC Lottery |
| 173 | Financial | Provident Community Bank | 1760409 | 10947.44 | Zambezi Holdings LLC Lottery |
| 174 | Financial | National Link, Inc. | 130013224601 | 24836.11 | Cash Out LLC |

| | A | C | D | E | F |
|---|---|---|---|---|---|
| 1 | | **ATTACHMENT A** | | | |
| 2 | **Asset Type** | **Item Description** | **Identifying No.** | **Bal/Year** | **Held in the Name of:** |
| 175 | Financial | Provident Community Bank | 1760417 | 8685.54 | Zambezi Holdings LLC operating account |
| 176 | Financial | Suntrust Bank | xxxxxxxxx6511 | 1156.08 | Preston Daniel McCurley or Nicole Renee Stoll |
| 177 | Financial | Suntrust Bank | xxxxxxxxx9242 | 573.76 | Aparna C. or Viresch R. Patel |
| 178 | Financial | Suntrust Bank Safe Deposit Box | 63217 | | Aparna C. or Viresch R. Patel |
| 179 | Financial | Suntrust Bank | xxxxxxxxx4866 | 130.58 | Aparna C. or Viresch R. Patel |
| 180 | Financial | Suntrust Bank | xxxxxxxxx6772 | 4396.60 | Purvinkumar A. or Kinjal Patel |
| 181 | Financial | The Palmetto Bank | 51135892 | 19306.80 | Jodrell Partners Inc. DBA Corner Stop 4 |
| 182 | Financial | The Palmetto Bank | 51039451 | 7818.50 | MAII Inc. |
| 183 | Financial | The Palmetto Bank | 51138557 | 5482.69 | Upstate 4 Investment |
| 184 | Financial | The Palmetto Bank | 11127740 | 17071.87 | KKRISHNA LLC |
| 185 | Financial | The Palmetto Bank | 11117249 | 4706.09 | KKRISHNA LLC |
| 186 | Financial | The Palmetto Bank | 11127759 | 2441.01 | KKRISHNA LLC |
| 187 | Financial | The Palmetto Bank | 51144670 | 2481.47 | Zambezi Holdings LLC |
| 188 | Financial | The Palmetto Bank | 51141728 | 1052.19 | Zambezi Holdings LLC (Lottery Account) |
| 189 | Financial | The Palmetto Bank | 51142392 | 2497.79 | Zambezi Holdings LLC |
| 190 | Financial | The Palmetto Bank | 51144875 | 10486.78 | Zambezi Holdings LLC |
| 191 | Financial | The Peoples Bank of Iva | 720075670 | 324534.00 | Tristar Retail Supplies LLC Demand Deposit Account |
| 192 | Financial | Wells Fargo (formerly Wachovia) | 1010154563932 | 10713.77 | Joseph Emmanuel Checking |
| 193 | Financial | Wells Fargo | 2000055756624 | 6402.83 | Marys LLC Checking |
| 194 | Financial | Wells Fargo | 2000055756637 | 3384.39 | Mary LLC NC Lottery Checking |
| 195 | Jewelry | Rolex Watch Oyster Perpetual Dayton, SN 70216 Fake | SN: 70216 | 50.00 | Emmanuel, Joseph |
| 196 | Jewelry | Ikepaod Megapode Watch, No SN | No Serial Number | 250.00 | Emmanuel, Joseph |
| 197 | Jewelry | Breightling Montbrilliant Chromometre A35330 Watch Fake | | 50.00 | Emmanuel, Joseph |
| 198 | Jewelry | Movado Two Tone Men's Luna Watch | | 50.00 | Emmanuel, Joseph |
| 199 | Jewelry | FAKE Gold Toned Ladies Watch | | 0.00 | Patel, Anjay R. |
| 200 | Jewelry | Stainless Ladies Gucci Watch w/Diamond Chips | | 500.00 | Patel, Anjay R. |
| 201 | Jewelry | Stainless Ladies Gucci Watch | | 150.00 | Patel, Anjay R. |
| 202 | Jewelry | Stainless Ladies Gucci Watch | | 175.00 | Patel, Anjay R. |
| 203 | Jewelry | Fake Men's Rolex Watch w/4.20 ct Diamond Bezel | | 4500.00 | Patel, Anjay R. |
| 204 | Jewelry | Stainless Ladies Movado Watch | | 50.00 | Patel, Anjay R. |
| 205 | Jewelry | Stainless Ladies Geneve Chopara Watch | | 150.00 | Patel, Anjay R. |
| 206 | Jewelry | Ivory Bracelet | | 450.00 | Patel, Anjay R. |
| 207 | Jewelry | CZ Tennis Bracelet FAKE | | 0.00 | Patel, Purvinkumar |
| 208 | Jewelry | Misc Jewelry seized from Suntrust Safe Deposit Box (Assorted Y/G 18K Tested Jewelry, 18K W/G Men's Band, and .925 sterling (broken) ladies necklace). | | 14907.29 | Patel, Purvinkumar |

| | A | C | D | E | F |
|---|---|---|---|---|---|
| 1 | | ATTACHMENT A | | | |
| 2 | Asset Type | Item Description | Identifying No. | Bal/Year | Held in the Name of: |
| 209 | Jewelry | Red Velvet Bag Containing Small Clear Stone, Misc Gold Jewelry, Gold Colored bracelet w/ 6 Green Stones, Gold Stud Earrings w/ Clear Stones (18K Y/G Ladies Dangly Earrings, 14K Y/G Peridot Ladies Bracelet, Small Loose CZ Stone, 18K Y/G Baby, Ring, Heart Pendent, and Clasp) | | 644.79 | Emmanuel, Joseph |
| 210 | Jewelry | Gold Colored Jewelry, 2 Gold Colored Earrings with Red Stones (Assorted Y/G 18K Tested Jewelry) | | 4820.80 | Emmanuel, Joseph |
| 211 | Jewelry | Jewelry 18K W/G Ladies Diamond Chips & Heart Necklace, 14K Assorted Bangle Bracelets, Necklaces, and Earrings, 10K Y/G Heart Ring, 10K W/G CZ Ladies Ring, Assorted Sterling Necklaces & Bracelets, and 14K W/G Ladies Necklace w/Diamond Chip Pendent | | 17717.17 | Patel, Anjay R. |
| 212 | Jewelry | Ivory Tusk | | 1500.00 | Patel, Anjay R. |
| 213 | Jewelry | 1.5 CT Loose Diamond Clear Stone From Bedroom E | | 6000.00 | Emmanuel, Joseph |
| 214 | Jewelry | Diamond Fashion Ladies Bracelet | | 3900.00 | Patel, Viresh |
| 215 | Jewelry | soft sided pink with gold trim jewelry bag with name "Sonali", containing (9) 1 oz gold bars - seized from Shilpaben Patel 1-25-12 | | | Patel, Shilpaben |
| 216 | Jewelry | Small burgundy velvet bag containing (9) 1 oz gold bars - seized from Shilpaben Patel 1-25-12 | | | Patel, Shilpaben |
| 217 | Jewelry | Small burgundy velvet bag containing (8) 1 oz gold bars encased in cellophane - seized from Purvinkumar Patel 1-26-12 | | | Patel, Shilpaben |
| 218 | Real Estate | 111 Metro Drive, Anderson, SC 29625 | 941801008 | $95,000.00 | Consolidated Distributors LLC |
| 219 | Real Estate | 401 Black Oak Ct., Spartanburg, SC 29306 | 6-34-00-168.00 | $360,000.00 | Patel, Shilpaben |
| 220 | Real Estate | 1700 Wofford St., Spartanburg, SC 29301 | 7-11-11-021-00 | $80,000.00 | Upstate 4 Investment |
| 221 | Real Estate | 3507 Hwy 246 South, Ninety Six SC | 6885-959-667 | $20,000.00 | Patel, Anjay, Patel, Nitin & Patel, Purvin |
| 222 | Real Estate | 204 McArthur St., Woodroff, SC 29388 | 4-25-15-005.03 | $57,000.00 | Patel, Shilpaben |
| 223 | Real Estate | 660 N. Main St., Woodroff, SC 29388 | 4-25-14-005.06 | $150,000.00 | Lucky Strike Investments Inc. |
| 224 | Real Estate | 4545 Augusta Rd., Greenville, SC 29605 | 387000100101 | $550,000.00 | Lucky Strike Investments Inc. |
| 225 | Real Estate | 1030 Maxwell Ave., Greenwood, SC 29646 | 6845-217-658 | $258,100.00 | Dass Inc. |
| 226 | Real Estate | 8 Groveview Trl (lot 404), Mauldin, SC 29662 | M006010145000 | $223,000.00 | Emmanuel, Sheena |
| 227 | Real Estate | 10901 Front Beach Rd. #304, Panama City Beach, FL 32407 | 34881-575-018 | $225,000.00 | Tristar Holdings, LLC |
| 228 | Real Estate | 1240 Chester Hwy, York, SC 29745 | 702201008 | $399,900.00 | Mosi-o-tunya Properties, LLC |
| 229 | Real Estate | 120 Abbott Lane, Spartanburg, SC | 3-08-00-070.09 | $24,900.00 | Patel, Anjay R. and Patel, Shilpaben D. |
| 230 | Real Estate | 829 S. Church St., Spartanburg, SC | 7-16-10-097-00 | $126,500.00 | Upstate 4 Investment |
| 231 | Real Estate | 2504 Montague Ave. Ext., Greenwood, SC | 6837-453-750 | $197,000.00 | Patel, Shilpaben |
| 232 | Real Estate | 900 E. Durst Ave., Greenwood, SC | 6856-421-713 | $173,900.00 | Patel, Shilpaben |

| | A | C | D | E | F |
|---|---|---|---|---|---|
| 1 | ATTACHMENT A | | | | |
| 2 | Asset Type | Item Description | Identifying No. | Bal/Year | Held in the Name of: |
| 233 | Real Estate | 1224 Emerald Rd., Greenwood, SC 29646 | 6866-649-905 | $88,500.00 | Patel, Anjay, Patel, Nitin & Patel, Purvin |
| 234 | Real Estate | 201 John B. White Sr. Blvd., Spartanburg, SC | 7-12-13-224.00 | $130,200.00 | Upstate 4 Investment |
| 235 | Real Estate | Hwy 56, Laurens, SC | 901-29-01-037 | $136,500.00 | Papa Oil, LLC |
| 236 | Real Estate | 22477 Hwy 76E, Laurens, SC | 504-00-00-060* | $299,500.00 | Papa Oil, LLC |
| 237 | Real Estate | 322 West Main Street, Clinton, SC | 901-12-03-001 | $123,500.00 | Papa Oil, LLC |
| 238 | Real Estate | 801 N. Harper Street, Laurens, SC | 906-10-02-045<br>906-10-02-044 | $117,700.00 | Papa Oil, LLC |
| 239 | Real Estate | Speedy #3 | 905-01-01-001 | $117,500.00 | Papa Oil, LLC |
| 240 | Real Estate | 700 Fleming St., Laurens, SC | 906-18-05-026 | $187,500.00 | Papa Oil, LLC |
| 241 | Real Estate | 5630 Hwy 76, Sandy Springs, SC | 650004001 | $361,000.00 | Lucky Strike Investments |
| 242 | Real Estate | 1215 Greenwood Rd., Laurens, SC | 906-13-09-005 | $145,000.00 | Lucky Strike Investments |
| 243 | Real Estate | 607 W. Main Street, Walhalla, SC | 500-14-11-001 | $145,000.00 | Lucky Strike Investments |
| 244 | Real Estate | 317 Blue Water Way, West Union, SC 29642 | 178-05-01-014 | $275,000.00 | Tristar Holdings, LLC |
| 245 | Real Estate | 13780 E. Wade Hampton Blvd., Greer, SC 29651 | 9-03-00-052.01 | $345,000.00 | Lucky Strike Investment |
| 246 | Real Estate | 401 N. Main Street, Saluda, SC 29307 | 079-20-07-022 | $189,000.00 | SIA Investments LLC |
| 247 | Real Estate | 905 S. Cashua Dr., Florence SC 29501 | 90013-03-001 | $435,000.00 | Corner Store, Inc. |
| 248 | Real Estate | 1802 South Main Street, Greenwood, SC 29646 | 6855-411-188 | $145,000.00 | Corner Store, Inc. |
| 249 | Real Estate | 730 West Main Street, Clinton, SC | 901-13-05-001 | $100,000.00 | Patel, Shilpaben & Patel, Nilesh |
| 250 | Real Estate | 401 Janette Street, Conway, SC 29527 | 1361207008 | $170,000.00 | DHRU Investments |
| 251 | Real Estate | 100 W. Strawberry Blvd., Chadbourn, NC 28491 | 24181 | $275,000.00 | KAKKU LLC |
| 252 | Real Estate | 102 Goforth Rd., Kings Mtn., NC | 44448<br>44447 | $200,000.00 | Corner Store, Inc. |
| 253 | Real Estate | 287 W. Killarney Lk., Moore, SC 29369 | 6-24-00-047.13 | $325,000.00 | Patel, Viresh |
| 254 | Real Estate | 349 2nd Street, Chesterfield, SC | 271009003009 | $375,000.00 | KKRISHNA LLC |
| 255 | Real Estate | 658 Mosswood Ln., Spartanburg, SC | 6-19-00-460.00 | $265,000.00 | Patel, Kinjal & Patel, Purvinkumar |
| 256 | Real Estate | 149 Hetty Hill St., Gaffney, SC 29340 | 1000700025002 | $28,000.00 | Ramsey, Boss |
| 257 | Real Estate | 167 Hetty Hill St., Gaffney, SC 29340 | 100700025003<br>100700025004 | $27,000.00 | Ramsey, Boss |
| 258 | Real Estate | 106 Topaz Lane, Gaffney, SC 29341 | 640000012119 | $117,500.00 | Ramsey, Boss |
| 259 | Real Estate | Corner of 2nd & 3rd Street, Gaffney, SC | 9905000086000 | $8,000.00 | Ramsey, Boss |
| 261 | Real Estate | 694 N. Washington Street, Rutherford, NC | 1608510 | $245,000.00 | Patel, Vic & Patel, Ketan |
| 262 | Real Estate | 604 Church Street, Conway, SC | 1370134012 | $310,000.00 | Conway Property Holdings, LLC |
| 263 | Vehicle | Suzuki VZ8005k | JS1VS56A252101964 | 2005 | Patel, Anjay R. |
| 264 | Vehicle | GMC Yukon | 16KFC16057R418644 | 2007 | Patel, Anjay R. |
| 265 | Vehicle | BMW X5 | 5UXFE43518L028876 | 2008 | Patel, Anjay R. |
| 266 | Vehicle | Chevrolet Avalanche | 3GNEC12Z35G120089 | 2005 | Lucky Strike Amusement LLC and Nathan Ramsey |
| 268 | Vehicle | Toyota Highlander | JTEEP21A050097420 | 2005 | Emmanuel, Sheena |
| 269 | Vehicle | BMW M3 | WBSWD93549PY43531 | 2009 | Tristar Retail Supplies LLC |
| 270 | Vehicle | Chevrolet Express Van G2500 | 1GCGG25V451258632 | 2005 | Tristar Retail Supplies LLC |
| 271 | Vehicle | Dodge Caravan | 2B4GP2537YR856029 | 2006 | CD of Clemson |
| 272 | Vehicle | Chevrolet Express | 1GCFG15XX61213770 | 2006 | CD of Clemson |
| 273 | Vehicle | FRHT Med Conv FL70 | 1FVABTAK14HM41339 | 2004 | CD of Clemson |
| 274 | Vehicle | GMC Savana Cutaway | 1GDJG31U941912544 | 2004 | CD of Clemson |

| | A | C | D | E | F |
|---|---|---|---|---|---|
| 1 | | **ATTACHMENT A** | | | |
| 2 | **Asset Type** | **Item Description** | **Identifying No.** | **Bal/Year** | **Held in the Name of:** |
| 275 | Vehicle | Chevrolet CG33503 Express | 1GBHG31U941110261 | 2004 | Consolidated Distributors LLC |
| 276 | Vehicle | AUDI R8 Passenger | WUAAU34268N006098 | 2008 | Patel, Anjay R. |
| 277 | Vehicle | BMW M3 Passenger | WBSKG9C57BE796924 | 2011 | Emmanuel, Joeseph |
| 278 | Vehicle | Chevrolet 3500 Van | 1GBHC34R5XF081934 | 2006 | Patel, Anjay |
| 279 | Vehicle | Chevrolet Express Van | 16CF615X861200628 | 2006 | Patel, Anjay |
| 280 | Vehicle | Chevrolet C3500 Truck | 1GBHC34R1XF083227 | 1999 | Patel, Anjay |
| 281 | Vehicle | Suzuki Quadracer R450 ATV | JSAAL43A882103474 | 2008 | McCurley, Preston |
| 282 | Vehicle | Honda Rancher ES, TRX420FE ATV | 1HFTE3541B4401411 | 2011 | McCurley, Preston |
| 283 | Vehicle | Kawasaki ZX11100 Jetski w/Trailer | KAW30829K900 | 2005 | McCurley, Preston |
| 284 | Vehicle | Dodge Ram 1500 | 1D7RV1CT2BS539608 | 2011 | Anjay Patel |
| 285 | Vehicle | Toyota FJ Cruiser | JTEBU4BF6AK090228 | 2011 | Anjay Patel |
| 286 | Proceeds | All proceeds from the sale of tobacco seized by ATF and sold pursuant to the parties Agreement Regarding Disposition of Certain Tobacco Assets | See court Dkt No. 222 | $1,113,927.00 | |
| 287 | Proceeds | All remaining proceeds (95%) from the sale of the contents of the Consolidated Distributers warehouses pursuant to the parties Agreement Regarding Disposition of Certain Assets Located at Two Warehouses Controlled by Consolidated Distributers Of Clemson | See court Dkt No. 223 | | |
| 288 | Proceeds | All "remaining funds" pursuant to the parties Agreement Regarding Operation of Marv's LLC, See section 4(e) | See court Dkt No. 221 | | |
| 289 | Proceeds | All proceeds from the sale of certain vehicles pursuant to the parties Agreement Regarding Disposition of Certain Vehicles | See Court Dkt No. | | |
| 290 | Proceeds | Proceeds of One $400,000 Promissory Note dated September 9, 2010, from S. L. Davis Properties, LLC, a South Carolina limited liability company ("Borrower"), and Zambezi Holdings, LLC, a South Carolina limited liability company, Tristar Holdings, LLC, a South Carolina limited liability company, and Valley Tobacco Company, (collectively "Lender"). TMS No. 00-3697-02-048. | Said Note is secured by property described as; Being the same property conveyed from R. A. Properties of Cola, LLC to S. L. Davis Properties by Deed dated May 1, 2006, and recorded May 6, 2008, in Book 12883 at Page 146, in the Lexington County Register of Deeds Office.TMS No. 00-3697-02-048. | | |
| 291 | | | | | |
| 292 | | | | | |

## ATTACHMENT B - Boss Ramsey

| | | | |
|---|---|---|---|
| **PROPERTY TO BE RELEASED:** | | ID # | |
| **REAL PROPERTY:** | | | |
| Real Estate | 125 Carolina Orchard Road, Cowpens, SC, 29330 | 90000039008 | Boss Ramsey |
| **VEHICLES:** | | | |
| Vehicle | GMC Denali | 1GKS2MEFXBR144441 | Corner Store Inc. and Nathan Ramsey |
| Vehicle | GMC Acadia | 1GKER00778J128624 | Ramsey, Nathan |
| Vehicle | Chevrolet 1Z67 | 1Z67J5S405599 | Ramsey, Nathan |
| Vehicle | Chevrolet K1500 Silverado | 2GCEK19T331211835 | Ramsey, Boss |
| **CURRENCY:** | | | |
| Currency | 18th Century Silver Coin, NGC Shipwreck Cert. | | Ramsey, Boss |
| Currency | Coin and Bill Collection Assorted Values | | Ramsey, Boss |
| **OTHER ITEMS:** | | | |
| Items recovered from Safety Deposit Box 61100029 at Yadkin Valley Bank, South Carolina: | | | |
| | five gold coins | Box 61100029 | Ramsey, Boss |
| | Assorted silver one-half dollar coins | Box 61100029 | Ramsey, Boss |
| | multiple $2 bills | Box 61100029 | Ramsey, Boss |
| Items recovered from Safety Deposit Box 61100009 at Yadkin Valley Bank, South Carolina: | | | |
| | Assorted jewelry | Box 61100009 | Ramsey, Boss |
| | Hershey's Gold Bar | Box 61100009 | Ramsey, Boss |
| | $52 in various currency amounts | Box 61100009 | Ramsey, Boss |
| | Assorted liberty coins | Box 61100009 | Ramsey, Boss |
| | Assorted Susan B. Anthony coins | Box 61100009 | Ramsey, Boss |
| | Assorted Kennedy one-half dollar coins | Box 61100009 | Ramsey, Boss |
| | Assorted coins | Box 61100009 | Ramsey, Boss |
| | Various pieces of jewelery | Box 61100009 | Ramsey, Boss |