FILED IN OPEN COURT
DATE 9/26/2012
BY J. Turner
DEPUTY CLERK
HARRISONBURG DIVISION, W.D. of VA

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA,

v.

BOSS RAMSEY

Case No. 5:11CR31

STATEMENT OF FACTS

The offenses described below occurred substantially within the Western District of Virginia. This Statement of Facts briefly summarizes the facts and circumstances surrounding the defendant's criminal conduct. It does not necessarily contain all the information obtained during this investigation and applicable to an accurate Presentence Report and Sentencing Guidelines calculation.

The difference in price of a carton of cigarettes in Virginia as compared to New York and other high cigarette tax states is such that individuals engaged in the illegal trafficking of cigarettes can make a substantial amount of money by buying cigarettes in Virginia and selling them in other states that levy a greater tax. Individuals engaged in the trafficking of contraband cigarettes can make even more money by buying untaxed cigarettes and selling them in the states that levy a high cigarette tax. The purchase of taxed cigarettes in low tax states or the purchase of untaxed cigarettes and subsequent sale in high tax states (without paying the requisite state cigarette taxes) is the essence of contraband cigarette trafficking.

The illegal profits generated by the sale of contraband cigarettes in high tax states can also be used to make additional cigarette purchases from low or no-tax sources. In this way the contraband cigarette trafficking enterprise can continue. Essentially, the profits from the sale of contraband cigarettes are used to promote the continuation of the illegal enterprise. Additionally, to conceal their contraband cigarette trafficking, participants may file false or misleading reports with state agencies, affix counterfeit state tax stamps on the cigarette packs they sell, and/or engage in other fraudulent conduct. To conceal their illegal profits and promote the illegal enterprise, the participants may also engage in various forms of money laundering.

As early as April 2009 and continuing up to and including November 2011, Anjay Patel, Joseph Emmanuel and the other defendants, in cooperation with each other and others, engaged in a variety of criminal enterprises including a scheme to purchase and sell contraband cigarettes as explained above. During the conspiracy, Anjay Patel, Joseph Emmanuel and other defendants collectively paid undercover law enforcement agents more than $20,000,000 for contraband cigarettes. Ultimately, members of the conspiracy sold the contraband cigarettes to individuals located in various states, including New York and South Carolina. In so doing, the conspiracy amassed substantial profits, primarily in the form of cash.

During the same timeframe, April 2009 to November 2011, Anjay Patel, Joseph Emmanuel, and other defendants, including Boss Ramsey, in cooperation with each other and others, also engaged in various schemes to conceal and launder the illegal proceeds generated from the sale of contraband cigarettes and to promote their scheme to sell contraband cigarettes. The defendants conducted and planned to conduct financial transactions affecting interstate and foreign commerce, which involved proceeds from trafficking in contraband cigarettes. These transactions were designed in whole or in part to conceal the source of the proceeds from trafficking in contraband cigarettes and to promote their scheme to traffic in contraband cigarettes. The defendants also conducted and planned to conduct monetary transactions through financial institutions, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from trafficking in contraband cigarettes. During the course of this money laundering scheme, the defendants: purchased contraband cigarettes with proceeds from the sale of contraband cigarettes to promote their criminal enterprise; filed fictitious reports with state agencies in an effort to conceal their criminal conduct; listed businesses and assets in the names of other individuals to conceal their interest in the businesses and assets; received vehicles as payment (instead of cash or a monetary instrument) for contraband to conceal their criminal conduct; purchased vehicles to be used as payment (instead of cash or a monetary instrument) towards contraband cigarettes; and engaged in other conduct to accomplish the goals of their money laundering scheme. Boss Ramsey was not aware of much of the conduct (generally described above) engaged in by his codefendants in furtherance of the conspiracy.

At the direction of Anjay Patel, Boss Ramsey managed and operated an Automated Teller Machine (ATM) business located in South Carolina. Anjay Patel used this ATM business to conduct financial transactions affecting interstate and foreign commerce that involved proceeds from trafficking in contraband cigarettes. These transactions were designed in whole or in part to conceal the source of the proceeds from trafficking in contraband cigarettes and to promote the scheme to traffic in contraband cigarettes. Specifically, Anjay Patel would provide Boss Ramsey with illegal cash proceeds from the scheme. Boss Ramsey would then intermingle the illegal cash proceeds with cash he had withdrawn from a bank account controlled by the ATM business and fill ATM machines that were located at various convenience stores. Customers would then obtain cash from the ATM machines and their individual banks would electronically transfer funds from the customers' bank account to that of the ATM business. In this way the illegal cash proceeds were deposited into a bank account controlled by Anjay Patel and Boss Ramsey, and thereby laundered.

**I have reviewed the above statement of facts with my attorney and I agree that it is true and accurate. I further agree that the above facts are sufficient to convict me beyond a reasonable doubt of the offenses to which I am pleading guilty.**

Sept 25. 2012
Date

Boss R
Boss Ramsey
Defendant

Sept 26 2012
Date

James Griffin, Esq.
Attorney for Defendant